IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


ROBERT C. HUDSON,

    Plaintiff,

v.  No. 2:16-cv-00568 MCA-KRS

FNU CALVILLO, *Nurse and Director of Medical,* LCCF,
FNU BRADSHAW, *Nurse,* LCCF,
FNC HARVEY, *Sergeant,* LCCF,
FNU MENDOZA, *Lieutenant,* LCCF,
FNU UNNAMED TRANSPORT SERGEANT, LCCF,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff Robert Hudson's civil rights complaint [Doc. 1]. Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. For the reasons set out below, certain of Plaintiff's claims will be dismissed, certain will survive screening, and Plaintiff will be given an opportunity to name the unidentified defendant.

**Standards Governing *Sua Sponte* Review**

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals" or identifications of a cause of action, without more, do not suffice. *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. If the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

**BACKGROUND**

Plaintiff claims Defendants were deliberately indifferent to his medical needs in violation of, inter alia, 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments. The Court assumes the following facts taken from Plaintiff's complaint are true.

Plaintiff is an inmate at the Lea County Correction Facility ("LCCF"). He uses a walker and resides in a handicap cell. On February 20, 2016 at approximately 4:30 a.m., Plaintiff asked Sergeant Harvey to transfer him to the medical unit "as [he] was having severe chest pains and … believed [he] was having a heart attack." [Doc. 1, p. 4, Claim I]. Sergeant Harvey refused because he had to serve breakfast to the other pods. *Id.* Plaintiff then asked Sergeant Harvey to call a nurse to examine him in the handicap cell. *Id.* Sergeant Harvey again refused, "saying it

was breakfast time and people were busy." *Id.* The sergeant left the pod after reiterating that no one was available. *Id.*

Plaintiff's chest pain continued and became worse throughout the day. [Doc. 1, p. 4, Claim II]. At approximately 2:30 p.m., a shift sergeant transferred Plaintiff to the medical unit. *Id.* Nurse Cavillo, the new medical director, Nurse Bradshaw, and Medical Officer Mary Cox were on duty. *Id.* Plaintiff was not examined or triaged upon his arrival. *Id.* Instead, Nurse Bradshaw directed Officer Cox to place Plaintiff in a medical segregation cell in the back of the unit, where he remained for over three hours. *Id.* At approximately 5:30 or 6:00 p.m., Plaintiff began yelling and kicking the cell door to get the nurses' attention. *Id.* He had not received dinner and asked to return to his housing unit. *Id.* Officer Cox relayed the request to Nurse Cavillo, who told Plaintiff "they were busy and ready to change shifts[,] and the only way [he] would be released is to sign a medical refusal or just sit there." *Id.* When Plaintiff complained he had been sitting there for four hours without an examination, Nurse Cavillo said "oh well." *Id.* Nurse Cavillo would not estimate when Plaintiff would be seen. *Id.* Consequently, he signed the medical refusal form and left. *Id.*

Six days later, Lieutenant Mendoza and an unnamed sergeant transported Plaintiff from Hobbs to Roswell for a court hearing. [Doc. 1, p. 5, Claim III]. In the vehicle and during the hearing, Plaintiff "complained of having severe chest pains" and stated that "he was having another series of heart attacks" and "needed to go a hospital now." *Id;* [Doc. 1, p. 2, § B]. Lieutenant Mendoza and the sergeant delayed seeking medical attention. [Doc. 1, p. 2, § B]. They urged Plaintiff to move faster in his walker and to "stop holding them up" so that they could "get back to Hobbs ASAP to go home." [Doc. 1, p. 5, Claim III]. After Plaintiff's third request, Lieutenant Mendoza called LCCF for approval to transport him to a hospital. *Id.* When Plaintiff was finally

3

seen, the doctors inserted a stint in his heart. He spent about 45 days in the medical unit. [Doc. 1, p. 2, § B].

Based on his injuries, Plaintiff filed claims against all aforementioned actors except Officer Cox, alleging: (1) violation of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments; (2) negligent denial of medical care; (3) violation the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA"); and (4) intentional infliction of emotional distress. Plaintiff also asserts a claim for false imprisonment against Nurses Cavillo and Bradley. [Doc. 1, p. 1-6].

**ANALYSIS**

Plaintiff's claim that the named Defendants were deliberately indifferent to his medical needs in violation of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments survives initial review under § 1915(e). *See Sealock v. Colorado,* 218 F.3d 1205, 1210 (10th Cir. 2000) (delay of "several hours" in taking inmate with chest pains to hospital violated Eighth Amendment); *Mata v. Saiz,* 427 F.3d 745 (10th Cir. 2005) (finding liability under § 1983 where nurses delayed addressing inmate's chest pains that culminated in a heart attack). The "negligent denial of medical care" claim against the named Defendants, over which the Court may retain supplemental jurisdiction, also survives. *See Grassi v. Corrections Corporation of America,* 2009 WL 4117352, * 3 (10th Cir. 2009) (where inmate asserts eighth amendment claim for deliberate indifference to medical needs, the district court has discretion to exercise supplemental jurisdiction over the related state law negligence claims).

If Plaintiff wishes to pursue such claims against the unnamed transport sergeant, however, he must file a supplement identifying that individual within a reasonable time. Successful § 1983 complaints "make clear exactly *who* is alleged to have done *what to whom*, to provide each

individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008).

With respect to Plaintiff's remaining claims, no relief is available. The Tenth Circuit has held that "[t]he failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation." *Rashad v. Doughty*, 4 F. App'x 558, 560 (10th Cir. 2001) (unpublished); *see also Moore v. Prison Health Serv., Inc.*, 201 F.3d 448, 1999 WL 1079848, at *1 (10th Cir. 1999) (holding that the ADA "afford[s] disabled persons legal rights regarding access to programs and activities enjoyed by all, not a general federal cause of action for challenging the medical treatment of their underlying disabilities") (unpublished).

Further, Plaintiff does not allege conduct amounting to intentional infliction of emotional distress ("IIED"), which must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Trujillo v. Northern Rio Arriba Elec. Co-op, Inc*., 2002-NMSC-004, ¶ 25 (citations omitted). Deliberate indifference to a medical emergency, while reprehensible, does not meet this standard. *See, e.g., Rodriguez v. Ryan,* 2012 WL 12538556, *6 (D. Ariz. 2012) (deliberate indifference to chest pain and breathing difficulties did not rise to the level of IIED); *Echevarria-de-Pena v. U.S.,* 2013 WL 616932, *10 (S.D. Fl. 2013) (alleged failure to properly respond to inmate's heart attack did not state a claim for IIED); *Smith v. Rees,* 2011 WL 5025358, *7 (W.D. Ky. 2011) (same).

The complaint also fails to state a claim for false imprisonment. Under state and federal law, the tort of false imprisonment requires a detainment without "lawful authority" or "legal process." *Santillo v. N.M. Dep't of Pub. Safety*, 2007-NMCA-159, ¶ 12; *Wallace v. Kato,* 549

U.S. 384, 389 (2007). "To recover damages for allegedly unconstitutional … imprisonment, a § 1983 plaintiff must prove that the[ir] conviction or sentence has been reversed …, expunged …, declared invalid …, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *See also McNally v. Colorado State Patrol,* 13 F. App'x. 806, 808 (10th Cir. 2001) (*Heck* precludes false imprisonment claims where the prisoner is confined pursuant to a lawful conviction) (unpublished). None of those circumstances exist here, and Plaintiff's confinement to the medical segregation unit does not amount to an unlawful detention. *See, e.g., Ballard v. Geo Group, Inc.,* 2013 WL 12080964, * 13 (D.N.M. 2013) ("There are simply no grounds to support a false imprisonment claim" where plaintiff was lawfully detained and placed in the medical segregation unit).

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's ADA, IIED, and false imprisonment claims are **DISMISSED** pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted.

The **CLERK** is **DIRECTED** to issue notice and waiver of service forms, with copies of the complaint [Doc. 1] and this Order for Defendants Calvillo, Bradshaw, Harvey, and Mendoza.

**IT IS FURTHER ORERED** that unless Plaintiff files a supplement identifying the unnamed transport sergeant within a reasonable time, all claims against that individual will be dismissed.

_____
UNITED STATES DISTRICT JUDGE