IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


ROBERT C. HUDSON,

    Plaintiff,

v.                                                                      No. 2:16-cv-00568 MCA-KRS

FNU CALVILLO, *Nurse and Director of Medical,* LCCF,
FNU BRADSHAW, *Nurse,* LCCF,
FNC HARVEY, *Sergeant,* LCCF,
FNU MENDOZA, *Lieutenant,* LCCF,
FNU UNNAMED TRANSPORT SERGEANT, LCCF,

    Defendants.

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PRODUCTION WITHOUT PREJUDICE, CONSTRUING PLAINTIFF'S MOTION TO SUPPLEMENT AS A REQUEST TO AMEND COMPLAINT, GRANTING MOTION TO AMEND, AND DIRECTING CLERK OF COURT TO SUBSTITUTE NAME**

Before the Court are Plaintiff Robert Hudson's motions for production and to supplement caption filed in this prisoner civil rights case. [Docs. 11 & 12]. Pursuant to its screening function under 28 U.S.C. § 1915(e)(2), the Court previously dismissed—and entered partial judgment on—all but Hudson's claims for deliberate indifference to his medical needs under the Eighth and Fourteenth Amendments and negligent denial of care under New Mexico law. [Docs. 9 & 10]. The Court further ordered Hudson to identify the "FNU" transport sergeant within a reasonable time. [Doc. 10]. In his first motion, Hudson seeks an order compelling production of initial disclosures to enable him, among other things, to identify the doctor who placed a stint in his heart. [Doc. 11]. In his second filing, Hudson asks to add Albert Fuentes as that unidentified sergeant. [Doc. 12]. The Court will deny Hudson's motion to compel disclosures without

prejudice, but will grant his motion for supplementation, which the Court construes as a request to amend his complaint.

## ANALYSIS

### A. Motion For Production

Federal Rule of Civil Procedure 26(a)(1)(B)(iv) exempts from initial disclosure any "action brought without an attorney by a person in the custody of . . . a state." Hudson has appeared *pro se* in this action and is presently incarcerated at the Lea County, New Mexico correctional facility. The Court's local rules also provide that prisoner petitioners are exempt from pretrial case management and discovery procedures under Rules 16 and 26. *See* D.N.M.LR-Civ. 16.3, 26.3(a)(1). The Court therefore concludes Hudson is not entitled to production.

The Court is mindful, however, that Hudson may need information only Defendants possess to prosecute the claims the Court has allowed to proceed. To address these concerns, the Court may later, if appropriate, order a *Martinez* Report, "a court-authorized investigation and report by prison officials" aimed at ferreting out "any factual or legal bases for [Hudson's] claims." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Additionally, if Hudson still believes he needs information after that report is ordered and disclosed, he may renew his request for discovery. *See Abdulhaseeb v. Calbone,* 600 F.3d 1301, 1310 (10th Cir. 2010) (delaying "discovery pending an evaluation of the [*Martinez*] report [does not] constitute an abuse of discretion or impermissibly contravene[] the discovery provisions of the federal rules"). The Court will therefore deny Hudson's motion for production without prejudice.

### B. Motion to Supplement

Liberally construed, *see Hall*, 935 F.2d at 1109, Hudson asks to amend his complaint to

substitute Albert Fuentes for Defendant "FNU" Unnamed Transportation Sergeant. Federal Rule of Civil Procedure 15(a) allows Hudson to amend his complaint once as a matter of course, either before the opposing party answers or within 21 days after service of the responsive pleading. Because Defendants have not answered or served responsive pleadings, Hudson does not need Court approval to amend. *See* Fed. R. Civ. P. 15(a), (d) (distinguishing "amendments" to the pleadings from "supplemental pleadings," which set out transactions or occurrences that happened after the pleading was filed). Nonetheless, the Court will grant the motion and treat his original complaint as the operative pleading except that Mr. Fuentes will be added in place of the unnamed transportation sergeant. For clarity's sake the Court directs the Clerk of Court to substitute Albert Fuentes for the FNU transportation sergeant.

## CONCLUSION

For the reasons stated above, the Court will deny Hudson's motion for production without prejudice, grant his motion to supplement, construed as motion to amend his complaint, and direct the Clerk of Court to substitute Albert Fuentes for Defendant FNU transportation sergeant.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Production [Doc. 11] is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that Plaintiff's Motion to Supplement [Doc. 12], construed a motion to amend complaint, is **GRANTED**. Plaintiff's original complaint is hereby amended to add Albert Fuentes in place of Defendant FNU Transportation Sergeant, LCCF. The Clerk of Court is also directed to substitute Albert Fuentes for Defendant FNU Unnamed Transportation Sergeant, LCCF.

It is further **ORDERED** that the Clerk of Court is directed to send notice and waiver of service forms, along with a copy of this order, the Memorandum Opinion and Order and Partial

Judgment entered May 31, 2017 [Docs. 9 and 10], and the complaint [Doc. 1] to Defendant Albert Fuentes.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE