# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO


ROBERT C. HUDSON,

     Plaintiff,

v.                                           No. 2:16-cv-00568 MCA-KRS


FNU CALVILLO, *Nurse and Director of Medical,* LCCF,
FNU BRADSHAW, *Nurse,* LCCF,
FNU HARVEY, *Sergeant,* LCCF,
FNU MENDOZA, *Lieutenant,* LCCF, and
ALBERT FUENTES,

     Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on two motions seeking dismissal of inmate

Robert Hudson's civil rights claims arising from his confinement at the Lea County, New

Mexico Correctional Facility ("LCCF"). (Docs. 19 & 28). In both motions—one for summary

judgment by Sergeant Harvey, Lieutenant Mendoza, and Albert Fuentes; and the other for

dismissal by Nurses Bradshaw and Calvillo—Defendants urge the Court to apply the doctrines of

claim and issue preclusion to prevent litigation in this forum. Defendants claim Hudson already

got his bite at the apple in state court where he filed virtually the same case and lost on summary

judgment. Sergeant Harvey, Lieutenant Mendoza, and Officer Fuentes alternatively assert they

are entitled to judgment as a matter of law because Hudson did not exhaust available remedies as

required by the Prison Litigation Reform Act ("PLRA") and Section 33-2-11 of the New Mexico

Statutes. Pursuant to an order of reference from United States District Judge Christina Armijo,

*see* 28 U.S.C. § 636, the Court has considered the parties' submissions and now

**RECOMMENDS** that Sergeant Harvey, Lieutenant Mendoza, and Officer Fuentes' motion for

summary judgment be **GRANTED** on the issue of exhaustion and Nurses Bradshaw and Calvillo's motion to dismiss be **GRANTED** as to Nurse Bradshaw on the basis of claim preclusion and as to Nurse Calvillo on the basis of issue preclusion.[1]

## BACKGROUND

### Underlying Facts

On February 20, 2016, Hudson complained of a heart attack and asked Sergeant Harvey to take Hudson to "medical." (Doc. 1, Compl., p. 2). Sergeant Harvey refused to help, call a nurse, or get superiors involved because it was breakfast time. (*Id.*, pp. 2-4). Later that day, Hudson says he suffered another heart attack. (*Id.*). Although this time Hudson was taken to "medical," neither Nurse Bradshaw nor Nurse Calvillo, the on-duty healthcare providers, attended to him. (*Id.*, p. 4). In fact, Nurse Bradshaw, the prison's medical director, instructed Mary Cox, a medical officer, to place Hudson in a segregation cell. (*Id.*) After four hours in the cell, Hudson began kicking to be let out and return to the housing unit. (*Id.*). By that time, however, correction-facility staff were busy with dinner responsibilities and a shift change. (*Id.*). Nurse Calvillo told Hudson that he would have to sign a "medical refusal" to be let out. (*Id.*). Hudson complied as his only other choice was to sit in confinement. (*Id.*)

On February 26, 2016, Lieutenant Mendoza and an "unnamed" sergeant, later identified as Officer Albert Fuentes, transported Hudson from Hobbs to Roswell, New Mexico for a court hearing. (*Id.*, p. 5). Once there, Hudson complained of another "series of heart attacks." (*Id.*, p. 3). Instead of getting Hudson the necessary medical attention, Lieutenant Mendoza and Officer Fuentes "kept pushing [Hudson] to go faster with [his] walker while at court and to stop holding them up that they wanted to get back to Hobbs ASAP to go home." (*Id.*, p. 5). Only when

---

[1] Hudson has also filed: (1) "Motion to supply ongoing evidence" (Doc. 29); "Motion for Summary Judgment and Memorandum of law" (Doc. 37); and "Motion for Appointment of Counsel" (Doc. 41). Because the Court recommends granting summary judgment and dismissal as requested by Defendants, the Court also recommends denying these motions as moot and entering final judgment.

Hudson protested for a third time "then and only then did they get [Hudson] to a hospital." (*Id.*). Hudson ended up with a stint and a further 45 days in "medical." (*Id.*, p. 3)

At the time of the heart attacks, Hudson was incarcerated at the LCCF, which had in place an inmate grievance procedure. (Doc. 28-2, Valeriano Aff., ¶¶2-3). The grievance process includes three steps: first, the inmate must file an "Inmate Informal Complaint," which as its title suggests, requires the inmate to attempt to resolve an issue informally. (*Id.*, ¶3). Second, should informal resolution fail, the inmate must file a formal "Inmate Grievance." (*Id.*). Third, if dissatisfied with the disposition of the formal grievance, the inmate must appeal to the Office of the Secretary of Corrections. (*Id.*). Hudson submitted an informal grievance against Sergeant Harvey, but did not complete the rest of the steps. (*Id.*, ¶¶5-7).

## Procedural History

On June 13, 2016, Hudson sued "Sgt. Harvey, Lt Mendoza, et al., Nurse Bradshaw, Nurse Calvillo, et al., and unnamed Transport Sgt with Lt. Mendoza" in the Fifth Judicial District Court for Lea County, New Mexico seeking damages under the NMTCA for failure to render medical aid, delayed provision of medical care, and willful neglect. (Doc. 19, Compl., p. 12). In all material respects, the state-court complaint mirrors the recitation of the underlying facts above—that Hudson suffered several heart attacks and was either refused or delayed care. (*Id.*). Hudson clarified, however, that the delay in medical care cost him 20 percent of his heart function. (*Id.*) Hudson's pleading seeks compensatory and punitive damages against Sergeant Harvey in the amount of $40,000 and $10,000 respectively; against Lieutenant Mendoza and Officer Fuentes in the amount of $50,000 and $10,000 respectively; and against Nurses Bradshaw and Calvillo in the amount of $120,000 and $30,000 respectively. (*Id.*)

On the same day he filed his complaint in state court, Hudson commenced this federal action. (Doc. 1, Compl.). In his three-count "prisoner civil rights complaint," Hudson alleged

Sergeant Harvey violated Hudson's Fifth, Eighth, and Fourteenth Amendment rights as well as the Americans with Disabilities Act; acted with deliberate indifference, negligently denied medical care, and intentionally inflicted emotional distress (Count I); Nurses Bradshaw and Calvillo falsely imprisoned Hudson, negligently deprived him of medical care, intentionally inflicted emotional distress, and violated his Fifth, Eighth, Fourteenth Amendment rights as well as the ADA (Count II); and Lieutenant Mendoza and Officer Fuentes intentionally inflicted emotional distress, were deliberately indifferent, negligently denied medical care, and violated the ADA and Hudson's Fifth, Eighth, and Fourteenth Amendment rights. (*Id.*, pp. 1-6). Hudson's federal lawsuit seeks $302,000.00 in compensatory and punitive damages. (*Id.*, p. 6)

The state case reached a disposition before its federal counterpart. (Doc. 19, pp. 57-60). On January 5, 2017, Sergeant Harvey and Lieutenant Mendoza moved for summary judgment on all claims against them. They asserted: (1) Hudson failed to exhaust administrative remedies against them; (2) these Defendants did not provide medical care to Hudson; (3) the undisputed facts fail to establish a claim under the Eighth Amendment or a violation of the New Mexico Constitution; and (4) these Defendants owed no contractual duties to Hudson. (Doc. 19, pp. 28-43). On February 7, 2017, Nurse Bradshaw joined in Sergeant Harvey and Lieutenant Mendoza's motion and, independently, moved for judgment as a matter of law on Hudson's failure to exhaust administrative remedies against Nurse Bradshaw. (Doc. 19, pp. 17-27). Hudson did not respond to the motions for summary judgment.

On April 5, 2017, the state court entered an "Order Granting Defendants' Motions for Summary Judgment." (Doc. 19, pp. 57-60). Although the order purported to dismiss with prejudice all claims against all Defendants, the title of order limits summary judgment to "Defendants Sgt. Harvey, Lt. Mendoza + Nurse Calvillo." (Doc. 19, p. 57-58). The limitation is handwritten and appears to be initialed by presiding state district judge Gary Clingman. (*Id.*, p.

57). Judge Clingman entered summary judgment on several grounds: (1) Hudson did not exhaust administrative remedies; (2) Sergeant Harvey and Lieutenant Mendoza did not actually provide Hudson medical care; (3) Hudson did not establish a violation of the New Mexico Constitution or the Eighth Amendment or any other claim for that matter; and (4) neither Sergeant Harvey nor Lieutenant Mendoza owe Hudson a contractual duty. (*Id.*, pp. 57-60). A separate judgment did not enter, and there is no record that "transportation sergeant" was identified and severed or Nurse Calvillo was served with the state lawsuit. (*Id.*).

Thereafter, in the federal action, the Court screened Hudson's complaint pursuant to 28 U.S.C. §1915(e)(2). In a memorandum opinion and order, Judge Armijo dismissed *sua sponte* Hudson's causes of action under the ADA, and for intentional infliction of emotional distress and false imprisonment. (Doc. 9) The Court, however, allowed Hudson's claims for deliberate indifference under the Eighth and Fourteenth Amendment and negligent denial of medical care under state law to proceed. (*Id.*). The Court directed Hudson to identify and the transportation sergeant within a reasonable period of time and file a supplement informing the Court of the sergeant's identity. (*Id.*). Hudson ultimately identified Officer Fuentes as the transportation sergeant, and the Court substituted the defendant accordingly. (Docs 11, 12, 13). Defendants' dispositive motions followed. (Docs. 19 & 28).

**STANDARDS OF REVIEW**

**<u>Motions to Dismiss</u>**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a pleading within its four corners. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) "A complaint must allege facts that, if true, state a claim to relief that is plausible on its face." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2014) (internal quotation marks and citation omitted). In determining whether the complaint survives a motion to dismiss, the

Court must assume the truth of the facts in the pleading, take those facts in the light most favorable to the plaintiff, and assess whether they give rise to a reasonable inference that the defendant is liable in light of the applicable law. *See id.* Although typically the Court may not examine documents outside of the complaint without converting the motion into one for summary judgment, the Court may take judicial notice of filings in a state court action. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 301, 322 (2007); *Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008). Thus, a motion to dismiss on claim or issue preclusion may be decided under Rule 12(b)(6) so long as the Court relies on filings from the state court.

### Summary Judgment

Under Federal Rule of Civil Procedure 56, this Court must enter summary judgment where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." Fed. R. Civ. P. 56(c). *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). Once the movant crosses this threshold, the non-movant must establish with record evidence the existence of a genuine issue of material fact for trial on the merits. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the non-movant is unable to meet this burden, judgment as a matter of law is appropriate. *See id*

### DISCUSSION

Sergeant Harvey, Lieutenant Mendoza, and Officer Fuentes advance two bases for summary judgment: (1) the undisputed material facts establish Hudson failed to exhaust remedies as required by the Prison Litigation Reform Act and N.M. Stat. Ann. § 33-2-11(B); and (2) the doctrines of claim and issue preclusion bar Hudson's federal lawsuit. Nurses Calvillo and

Bradshaw rely solely on claim and issue preclusion in their motion to dismiss. Because the record establishes that Hudson failed to exhaust remedies against Sergeant Harvey, Lieutenant Mendoza, and Officer Fuentes, the Court does not reach the question of preclusion for these individuals. As for Nurses Calvillo and Bradshaw, the Court concludes that claim preclusion bars the present suit against Nurse Bradshaw and issue preclusion forecloses Hudson's federal case as it relates Nurse Calvillo.

### Exhaustion of Remedies – Sergeant Harvey, Lieutenant Mendoza, and Officer Fuentes

The PLRA prohibits an inmate "confined in . . . jail, prison, or other correctional facility" from bringing an action "with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Similarly, New Mexico law prevents the Court from acquiring "subject-matter jurisdiction over any . . . civil action filed by any inmate of the corrections department . . . substantially related to the inmate's incarceration . . . until the inmate exhausts the corrections department's internal grievance procedure." N.M. Stat. Ann. § 33-2-11(B) (1990).

In their motion for summary judgment, Sergeant Harvey, Lieutenant Mendoza, and Officer Fuentes submit the affidavit of Moriama Valeriano, the "grievance officer" at LCCF. (Doc. 28-2). Valeriano avers that LCCF has a grievance policy; it was in effect during Hudson's incarceration; the policy requires inmates to complete an informal grievance, if unsuccessful a formal grievance, and if unsuccessful an appeal to the Secretary of Corrections; and Hudson filed only an informal grievance with respect to Sergeant Harvey and nothing as to Lieutenant

Mendoza and Officer Fuentes. (*Id*., ¶¶ 2-7).   Hudson does not dispute the affidavit and, in fact, did not file a response at all.   Instead, in a document styled "motion to supply ongoing evidence," Hudson argues he was not required to exhaust because he sued a private prison for common law torts, as opposed to a "federal lawsuit." (Doc. 29).

This contention belies the facts and does not defeat summary judgment.   Hudson filed the instant case in *federal* court alleging *federal* constitutional violations under the Eighth Amendment perpetrated by state actors at a state correctional facility. (Doc. 1).   As a result, he must satisfy the PLRA regardless of whether the state prison is privately managed.[2] *See* 42 U.S.C. § 1997e(a); *Martinez v. Guadalupe County*, 200 F. Supp. 3d 1216, 1259 (D.N.M. 2016). To the extent Hudson asserts pendent state-tort claims available administrative remedies must be exhausted under Section 33-2-11 of the New Mexico Statutes.   The Court therefore concludes that the undisputed material facts demonstrate that Hudson did not exhaust administrative remedies and Sergeant Harvey, Lieutenant Mendoza, and Officer Fuentes are entitled to judgment as a matter of law.

### Claim and Issue Preclusion – Nurses Bradshaw and Calvillo

Preclusion doctrines prevent a party from taking two bites at the proverbial apple. *See Kenmen Engineering v. City of Union,* 314 F.3d 468, 479 (10th Cir. 2002); *Ford v. New Mexico Dep't of Public Safety*, 891 P.2d 546 (N.M. 1994).   Claim preclusion forecloses a litigant from bringing a claim that was actually decided or could have been decided in a previous action that proceeded to a final and valid judgment on the merits. *See Kirby v. Guardian Life Ins. Co. of Am.*, 231 P.3d 87, 105 (N.M. 2010).   Claim preclusion applies where (1) the parties to the two lawsuits are the same; (2) the claims in the two matters arise from the same facts; and (3) the first

---

[2] *Adams v. Corr. Corp. of Am.*, 187 P.3d 1190, 1194 (Colo. 2008) does not stand for the proposition Hudson says. In *Adams*, the Colorado Supreme Court interpreted a Colorado statute, not New Mexico law or the PLRA, and concluded Colorado does not require exhaustion of remedies as a prerequisite for a prisoner to bring a cause of action under *Colorado* common law.

case has proceeded to a final judgment. *See Pielhau v. State Farm Mut. Auto. Ins. Co.*, 314 P.3d 698, 700-701 (N.M. Ct. App. 2013).

Issue preclusion operates to prevent relitigation of "ultimate facts actually and necessarily decided in a prior suit." *Shovelin v. Central N.M. Elec. Co-op.*, 850 P.2d 996, 1000 (N.M. Ct. App. 1993). Four elements comprise issue preclusion: (1) the party against whom issue preclusion is asserted must have been a party or in privity with a party to the prior action; (2) the subject matter of the two cases is different; (3) the ultimate fact or issue was actually litigated in the prior action; and (4) the issue was necessarily determined in the prior litigation. *See DeLisle v. Avallone*, 874 P.2d 1266, 1269 (N.M. Ct. App. 1994). Consistent with the citations above, the Court applies the law of preclusion from the forum where judgment arises or the matter was adjudicated—in this case New Mexico.

## Claim preclusion

Nurses Bradshaw and Calvillo assert that the state district court's order granting summary judgment bars Hudson from bringing the instant action. The Court agrees in part. The first element of claim preclusion is satisfied. Hudson named Nurse Bradshaw, Nurse Calvillo, Sergeant Harvey, Lieutenant Mendoza, and Officer Fuentes in both state and federal court. (*Compare* Doc. 19 *with* Doc. 1). The second prong likewise presents little difficulty under the "transactional approach" the New Mexico courts employ. Because Hudson's claims in the federal lawsuit arise from the same alleged provision of medical care, the fact Hudson asserted different causes of action in the two suits is immaterial. *See Ford*, 891 P.2d at 555 (explaining that "[c]laim preclusion does not depend upon whether the claims arising out of the same transaction were actually asserted in the original action, as long as they could have been asserted")

"Finality," the last inquiry, is more problematic.  A summary-judgment order is final in

New Mexico where the court dismisses the matter with prejudice.  *See Kirby*, 231 P.3d at 105.

Further, a judgment against fewer than all parties is final as to the party against whom judgment

is entered.[3] *See Healthsource, Inc. v. X-Ray Assocs. of N.M., P.C.*, 116 P.3d 861, 866 (N.M. Ct.

App. 2005) (explaining that a judgment adjudicating all issues as to some, but fewer than all, of

the parties is a final judgment unless the court expressly provides otherwise in the judgment).  In

the context of this case, Judge's Clingman's order is only clearly final as to Nurse Bradshaw, not

Nurse Calvillo. Only Nurse Bradshaw moved for summary judgment in the state court, and the

state court's specific findings about exhaustion or any other basis for relief do not mention Nurse

Calvillo. (Doc. 19, pp. 57-60).

Admittedly, Judge Clingman's order purports to apply to Nurse Calvillo in what appears

to be a handwritten correction to the title of the order and states in a final sentence that "all

claims made by Plaintiff against all Defendants be, and hereby are, **DISMISSED WITH**

**PREJUDICE**." (Doc. 19, p. 58).  However, Nurse Calvillo did not join in Nurse Bradshaw's

motion by filing a motion to dismiss, motion for summary judgment, or other claim for relief.

Furthermore, it does not appear from the record that Nurse Calvillo was even served with process

in the state court proceeding.  Thus, a New Mexico court would likely not accept the summary

judgment order as a valid final judgment with respect to Nurse Calvillo.  In any event, Nurse

Calvillo offers no authority allowing her to benefit from a summary-judgment order for which

she did not move and an order that is, at best, ambiguous in its applicability to her.[4]  In short,

---

[3] Federal law takes the opposite approach.  Judgment is final only when all claims against all parties have been resolved, unless the federal court provides otherwise. *See* Fed. R. Civ. P. 54.

[4] Application of the doctrines of claim and issue preclusion in New Mexico is discretionary. *See Shovelin*, 850 P.2d at 1002.  Taking the state court's summary-judgment order in context, it appears that the court intended to adjudicate only the motions before it and only as to the parties that had filed the motions. Thus, as a matter of discretion, the Court believes it prudent to resolve any ambiguity in the summary judgment against claim preclusion.

although claim preclusion bars Hudson's suit against Nurse Bradshaw, the doctrine does not permit disposition of the instant claims against Nurse Calvillo.

### Issue preclusion

Although Hudson's claims against Nurse Calvillo are not precluded, the Court concludes the elements of issue preclusion are nonetheless satisfied. First, Hudson was a party in the state court case, which is sufficient to meet the first prong of the analysis. Second, Hudson alleges similar but different legal theories that arise out of a common nucleus of operative fact. Likewise, Nurse Calvillo does not appear to have been served with process, and in that regard, Hudson did not prosecute any claims against her. Third, the issue of exhaustion was raised on summary judgment and decided on the merits. Exhaustion was therefore actually litigated in the state court as required by the third prong of the analysis. Finally, Judge Clingman found that the LCCF's "grievance procedure required an inmate to submit an informal Complaint as a precondition filing a formal grievance" and therefore necessarily determined, as required under the final inquiry of the issue preclusion doctrine, that Hudson did not follow the LCCF's policy in granting Defendants summary judgment on the basis of exhaustion.

Because Hudson is now precluded from presenting evidence in this case that he followed the inmate grievance procedure, his claims against Nurse Calvillo necessarily fail. *See* 42 U.S.C. § 1997e(a) (requiring exhaustion of remedies as a prerequisite to advancing federal claims in federal court). To the extent Hudson's federal complaint contains pendant claims arising under New Mexico law, they too must fail for failure to follow the LCCF's grievance policy. *See* N.M. Stat. Ann. §33-2-11(B) (1990).

## CONCLUSION AND RECOMMENDATION

For reasons stated above, Sergeant Harvey, Lieutenant Mendoza, and Officer Fuentes are entitled to summary judgment and Nurses Bradshaw and Calvillo are entitled to dismissal.

**IT IS, THEREFORE, RECOMMENDED** that Defendants Sergeant Harvey, Lieutenant Mendoza, and Officer Fuentes' motion for summary judgment (Doc. 28) be **GRANTED** because the undisputed facts establish that Hudson did not exhaust available administrative remedies as required by federal and state law.

**IT IS FURTHER RECOMMENDED** that Nurses Bradshaw and Calvillo's motion to dismiss on the basis of claim preclusion and issue preclusion (Doc. 19) be **GRANTED** as to Nurse Bradshaw on the basis of claim preclusion and as to Nurse Calvillo on the basis of issue preclusion.

**IT IS FURTHER RECOMMENDED** that Hudson's "Motion to supply ongoing evidence" (Doc. 29); "Motion for Summary Judgment and Memorandum of law" (Doc. 37); and "Motion for Appointment of Counsel" (Doc. 41) be **DENIED** as moot in light of the previous recommendations.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE